# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5189 | **DATE** | 8/25/2000 |
| **CASE TITLE** | Arvid Dahlstrom vs. Donald Simon | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Leave is granted to file an appropriate amendment to the Complaint in this Court's chambers on or before August 30, 2000 (failing which, however, this Court would be constrained to dismiss both the Complaint and this action on jurisdictional grounds).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 28 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 AUG 28 PM 2:16 | 8/25/2000 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARVID DAHLSTROM,           )
                           )
         Plaintiff,        )
                           )
    v.                     )   No.  00 C 5189
                           )
DONALD SIMON,              )
                           )
         Defendant.        )

MEMORANDUM OPINION AND ORDER

Arvid Dahlstrom ("Dahlstrom") has just brought this action for damages and equitable relief against Donald Simon ("Simon"), seeking to invoke federal jurisdiction on diversity of citizenship grounds. This memorandum opinion and order is issued sua sponte to require Dahlstrom's counsel to cure an obvious defect--but a jurisdictional defect at that--in the Complaint.

There is no question here as to the more than ample satisfaction of the amount-in-controversy component of diversity jurisdiction. But Complaint ¶¶1 and 2 refer only to each party's asserted state of residence (Wisconsin as to Dahlstrom, Illinois as to Simon), even though by definition the relevant jurisdictional facts are their respective states of citizenship (a concept that does not necessarily equate with residence). That distinction may be particularly significant here, for the contract that forms part of the gravamen of Dahlstrom's claims (Complaint Ex. A) shows him as having had a Winnetka address on October 25, 1998. Accordingly Dahlstrom is ordered to include,

in the amendment to the Complaint required later in this opinion, an explanation of the basis for any present assertion of Wisconsin citizenship (if he so claims), specifically accounting for the change between his status in October 1998 and his status today.

Because the existence of federal subject matter jurisdiction is thus not demonstrated by the Complaint, our Court of Appeals has directed that dismissal on that ground is appropriate--see, e.g., <u>Held v. Held</u>, 137 F.3d 998, 1000 (7th Cir. 1998), quoting <u>Guaranty Nat'l Title Co. v. J.E.G. Assocs.</u>, 101 F.3d 57, 59 (7th Cir. 1996):

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

But because this Court views it as pointless to stick Dahlstrom with another $150 filing fee just because of its counsel's oversight, leave is granted to file an appropriate amendment to the Complaint in this Court's chambers on or before August 30, 2000 (failing which, however, this Court would be constrained to dismiss both the Complaint and this action on jurisdictional grounds).

                                                    /s/ Milton I. Shadur
                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date: August 25, 2000